Stephen R. Jaffe   SBN 48539
The Jaffe Law Firm
1 Sansome Street, Suite 1400
San Francisco, CA 94104
stephen.r.jaffe@jaffetriallaw.com
415.618.0100
Attorney for Defendant Veronica Navarro

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **ZOOX, INC.,**<br><br>                    Defendant,<br><br>vs.<br><br>**VERONICA NAVARRO,**<br><br>                    Defendant. | Case No. 3:25-cv-3596-RFL<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

   Comes now Defendant Veronica Navarro ("Defendant") and answers the Complaint ("Complaint") of Defendant Zoox, Inc. ("Zoox") in the above-captioned civil action (the "Action") as follows:

### INTRODUCTION

   1.   In answering Paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

   2.   In answering Paragraph 2 of the Complaint, Defendant admits that she copied data onto her external hard drive but she absolutely denies any wrongdoing of any nature and otherwise denies each and every allegation contained in this paragraph, including the characterization of her actions and the assertion that she misappropriated or improperly retained

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO. 3:25-CV-3596-RFL

Defendant's proprietary or confidential information.

3. In answering Paragraph 3 of the Complaint, this paragraph contains legal conclusions to which no responses are required. To the extent a response is required, Defendant denies all remaining allegations contained in this paragraph .

## PARTIES

4. In answering Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5. In answering Paragraph 5 of the Complaint, Defendant admits that she is a resident of Foster City, California 94404.

## JURISDICTION AND VENUE

6. In answering Paragraph 6 of the Complaint, this paragraph contains legal conclusions to which no responses are required.

7. In answering Paragraph 7 of the Complaint, this paragraph contains legal conclusions to which no responses are required.

## GENERAL ALLEGATIONS

**Zoox's Business**

8. In answering Paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

9. In answering Paragraph 9 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

10. In answering Paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO. 3:25-CV-3596-RFL

11. In answering Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

12. In answering Paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

**Navarro's Employment with Zoox**

13. In answering Paragraph 13 of the Complaint, Defendant admits that her employment with Defendant began on August 2, 2021, and denies any and all remaining allegations.

14. In answering Paragraph 15 of the Complaint, Defendant admits that she was employed as a Senior Technical Program Manager, and denies Zoox's characterization of her role and all other allegations in this paragraph.

15. In answering Paragraph 15 of the Complaint, Defendant admits that she was employed as a Senior Technical Program Manager, and denies Zoox's characterization of her role and all other allegations in this paragraph.

**Navarro's Employee Proprietary Information and Invention Assignment Agreement**

16. In answering Paragraph 16 of the Complaint, Defendant admits that she signed the Proprietary Information Agreement on July 15, 2021, and denies all remaining allegations in this paragraph.

17. In answering Paragraph 17 of the Complaint, Defendant admits that she signed the Proprietary Information Agreement on July 15, 2021, she otherwise denies all allegations in this paragraph.

18. In answering Paragraph 18 of the Complaint, This paragraph describes a document, the terms of which speak for themselves, and therefore no answer is required.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES          CASE NO. 3:25-CV-3596-RFL

19. In answering Paragraph 19 of the Complaint, This paragraph describes a document, the terms of which speak for themselves, and therefore no answer is required. Defendant denies Defendant's description of the document and respectfully refers the Court to the cited text.

20. In answering Paragraph 20 of the Complaint, This paragraph describes a document, the terms of which speak for themselves, and therefore no answer is required. Defendant denies Defendant's description of the document and respectfully refers the Court to the cited text.

**Navarro's Acknowledgment of Zoox's Crew Handbook**

21. In answering Paragraph 21 of the Complaint, Defendant admits that she signed the Handbook acknowledgement on August 10, 2021, and denies all remaining allegations in this paragraph.

22. In answering Paragraph 22 of the Complaint, This paragraph describes a document, the terms of which speak for themselves, and therefore no answer is required. Defendant denies Defendant's description of the document and respectfully refers the Court to the cited text.

23. In answering Paragraph 23 of the Complaint, This paragraph describes a document, the terms of which speak for themselves, and therefore no answer is required. Defendant denies Defendant's description of the document and respectfully refers the Court to the cited text.

24. In answering Paragraph 24 of the Complaint, This paragraph describes a document, the terms of which speak for themselves, and therefore no answer is required.

25. In answering Paragraph 25 of the Complaint, This paragraph  describes a document, the terms of which speak for themselves, and therefore no answer is required.

26. In answering Paragraph 26 of the Complaint, This paragraph  describes a document, the terms of which speak for themselves, and therefore no answer is required.

27. In answering Paragraph 27 of the Complaint, This paragraph contains legal conclusions to which no responses are required. This paragraph also describes several documents, the terms of which speak for themselves.

28. In answering Paragraph 28 of the Complaint, In answering Paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

29. In answering Paragraph 29 of the Complaint, Defendant admits that she signed the Handbook acknowledgement including the acceptable use policy on August 10, 2021, she otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

**Navarro's Theft of Zoox's Proprietary Information and Termination**

30. In answering Paragraph 30 of the Complaint, Defendant admits that Zoox offered her the two options described in this paragraph, she otherwise denies the allegations in this paragraph.

31. In answering Paragraph 31 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

32. In answering Paragraph 32 of the Complaint, Defendant admits that she copied data onto her external hard drive but she absolutely denies any wrongdoing of any nature. Defendant otherwise denies each and every allegation contained in this paragraph, including the characterization of her actions and the assertion that she misappropriated or improperly retained Defendant's proprietary or confidential information.

33. In answering Paragraph 33 of the Complaint, Defendant admits that she copied data onto her external hard drive but she absolutely denies any wrongdoing of any nature. Defendant otherwise denies each and every allegation contained in this paragraph, including the characterization of her actions and the assertion that she misappropriated or improperly retained.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES          CASE NO. 3:25-CV-3596-RFL

Defendant's proprietary or confidential information.

34. In answering Paragraph 34 of the Complaint, This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

35. In answering Paragraph 35 of the Complaint, Defendant admits that she copied data onto her external hard drive but she absolutely denies any wrongdoing of any nature. Defendant otherwise denies each and every allegation contained in this paragraph, including the characterization of her actions and the assertion that she misappropriated or improperly retained Defendant's proprietary or confidential information.

36. In answering Paragraph 36 of the Complaint, Defendant admits that on March 28, 2025, Zoox notified her of an investigation and terminated her employment. She otherwise denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

37. In answering Paragraph 37 of the Complaint, Defendant repeats and incorporates by reference her responses to the foregoing allegations.

38. Defendant admits the allegations of Paragraph 38 of the complaint.

39. In answering Paragraph 39 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

40. In answering Paragraph 40 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

41. In answering Paragraph 41 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

42. In answering Paragraph 42 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

43. In answering Paragraph 43 of the Complaint, Defendant responds that this paragraph contains legal conclusions to which no responses are required. To the extent a response is required, Defendant denies all factual allegations stated in this paragraph.

44. In answering Paragraph 44 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

45. In answering Paragraph 45 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

46. In answering Paragraph 46 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

47. In answering Paragraph 47 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

48. In answering Paragraph 48 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

49. In answering Paragraph 49 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

## SECOND CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Advantage)**

50. In answering Paragraph 50 of the Complaint, Defendant repeats and incorporates by reference her responses to the foregoing allegations.

51. In answering Paragraph 51 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

52. In answering Paragraph 52 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

53. In answering Paragraph 53 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

54. In answering Paragraph 54 of the Complaint, Defendant responds that this

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES                CASE NO. 3:25-CV-3596-RFL

paragraph sets forth a legal conclusion to which no response is required.

55. In answering Paragraph 55 of the Complaint, Defendant responds that this paragraph contains legal conclusions to which no responses are required. To the extent a response is required, Defendant denies all factual allegations stated in this paragraph.

56. In answering Paragraph 56 of the Complaint, Defendant responds that this paragraph contains legal conclusions to which no responses are required. To the extent a response is required, Defendant denies all factual allegations stated in this paragraph.

57. In answering Paragraph 57 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

58. In answering Paragraph 58 of the Complaint, Defendant responds that this paragraph contains legal conclusions to which no responses are required. To the extent a response is required, Defendant denies all factual allegations stated in this paragraph.

59. In answering Paragraph 59 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

60. In answering Paragraph 60 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

61. In answering Paragraph 61 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

62. In answering Paragraph 62 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

63. In answering Paragraph 63 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

64. In answering Paragraph 64 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES                CASE NO. 3:25-CV-3596-RFL

## THIRD CAUSE OF ACTION
### (Violation of Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502(c))

65. In answering Paragraph 65 of the Complaint, Defendant repeats and incorporates by reference her responses to the foregoing allegations.

66. In answering Paragraph 66 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

67. In answering Paragraph 67 of the Complaint, Defendant responds that this paragraph contains legal conclusions to which no responses are required. To the extent a response is required, Defendant denies all factual allegations stated in this paragraph.

68. In answering Paragraph 68 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

69. In answering Paragraph 69 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

70. In answering Paragraph 70 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

71. In answering Paragraph 71 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

72. In answering Paragraph 72 of the Complaint, Defendant responds that this paragraph sets forth a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses and other defenses to Zoox's claims which are available under either United States law, California law, or both. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

On information and belief, Defendant alleges as follows:

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES          CASE NO. 3:25-CV-3596-RFL

### FIRST AFFIRMATIVE DEFENSE
### (Failure to state claim)

As a first separate defense to the Complaint and to the claims therein, Defendant alleges that Zoox fails to state facts sufficient to constitute valid claims on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No misappropriation of trade secrets)

As a second separate defense to the Complaint and to the claims therein, Defendant alleges that there has been no trade secret misappropriation, including without limitation because the alleged trade secrets are not protectable, 18 U.S.C. § 1839.

### THIRD AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

As a separate and third affirmative defense to the Complaint, and each purported cause of action contained therein, Defendant alleges that should Plaintiff prevail on his Complaint against Defendant, its remedies are limited by virtue of the doctrine of after acquired evidence, based on its conduct during the course of Defendant's employment by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (Authorization)

As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on his behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint by the doctrine of authorization.

### FIFTH AFFIRMATIVE DEFENSE
### (Consent)

As a separate and fifth affirmative defense to the Complaint Defendant alleges that Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting on its behalf, consented to and acquiesced in the Defendant's conduct.

**SIXTH AFFIRMATIVE DEFENSE**
**(Complaint Brought Without Reasonable Care or Without Good Faith)**

As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of the Complaint against Defendant, that Plaintiff should therefore be responsible for all of Defendant's reasonable and necessary attorney's fees and costs, compensatory and punitive damages for the malicious prosecution of this Action.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Latches)**

As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**
**(Lack of Knowledge of Wrongful Conduct)**

As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint and each cause of action in it is barred by Defendant's lack of knowledge of any alleged wrongful conduct.

## TENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Inappropriate)

As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support an award of damages for exemplary damages against Defendant(s) in accordance with Civil Code sections 3294 and 3295.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (CUTSA supressiom/preemption)

As a twelfth separate defense to the Complaint and to the claims therein, Defendant alleges that some or all of the claims Zoox has asserted are barred, in whole or in part, because they are superseded by California's Uniform Trade Secrets Act (CUTSA).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Consent, Waiver)

As a thirteenth separate defense to the Complaint and to the claims therein, Defendant alleges that some or all of the claims Zoox has asserted are barred, in whole or in part, because Zoox consented to and waived all its rights pertaining to Defendant's actions complained of, barring its claims.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No damages)

As a fourteenth separate defense to the Complaint and the claims therein, Defendant alleges that the claims Zoox has asserted are barred, in whole or in part, because Zoox has suffered no damages as a result of any act or omission by Defendant.

**RESERVATION OF DEFENSES**

Defendant reserves her right to amend and add to these affirmative defenses, including as to any additional claims, at that time. Defendant is continuing to investigate the factual allegations of the Complaint. Additional facts may be revealed by further investigation and/or discovery that support additional affirmative defenses presently available to, but unknown, to Defendant. The Defendant reserves the right to amend or assert affirmative additional defenses, cross-claims, and third-party claims, not asserted herein of which she may become aware through discovery or other investigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That all relief requested by Plaintiff be denied;
2. That all relief requested by Plaintiff in its first cause of action be denied;
3. That all relief requested by Plaintiff in its second cause of action be denied;
4. That all relief requested by Plaintiff in its third cause of action be denied;
5. That the court decline to order the temporary restraining orders, preliminary injunction and/or permanent injunction sought in Plaintiff's Complaint or, in the alternative, rescind, void and vacate any temporary restraining orders, preliminary injunction and/or permanent injunction previously made or issued by the court.
6. That Plaintiff take nothing in actual, compensatory, treble, punitive and/or exemplary damages;
7. That Plaintiff not be awarded its attorney fees and costs;
8. That Defendant be awarded her attorney fees and costs;

For such other and further relief as may be just, fair and equitable.

Dated:  October 12, 2025            THE JAFFE LAW FIRM
                                     By: */s/Stephen R. Jaffe*___
                                        STEPHEN R. JAFFE
                                     *Attorney for Defendant* Veronica Navarro

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES            CASE NO. 3:25-CV-3596-RFL