UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOOX, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERONICA NAVARRO, <br><br> Defendant. | Case No.  25-cv-03596-RFL <br><br> **ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE** <br><br> Re: Dkt. No. 77 |

Zoox moves to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2).  (*See* Dkt. No. 77 (the "Motion").)  Navarro filed an opposition.  (*See* Dkt. No. 80.)  The Motion is taken under submission as suitable for resolution without oral argument and is **GRANTED**.  *See* Civil Local Rule 7-1(b).

"A Rule 41(a)(2) motion is addressed to the sound discretion of the district court . . . ." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) (citations omitted).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations and footnote omitted).  "Legal prejudice is a term of art:  it means prejudice to some legal interest, some legal claim, some legal argument.  But [u]ncertainty because a dispute remains unresolved is not legal prejudice, and the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice."  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (citations and quotation marks omitted).

Navarro identifies only one purported instance of legal prejudice that she will suffer if the Motion is granted:

> A dismissal of this case will severely prejudice Ms. Navarro by preventing her from conducting discovery to obtain the exculpatory evidence and testimony she requires upon which to base a renewed motion for summary judgment.  Other than the discovery she has initiated, Ms. Navarro has no alternative means or opportunity to obtain that exculpatory evidence[.]

(Dkt. No. 80 at ECF page 5.)  In other words, Navarro contends that dismissal without prejudice will prevent her from later vindicating her reputation by obtaining a dismissal with prejudice or decision on the merits.  That is not legal prejudice.  *See, e.g.*, *Bynum v. Cnty. of Kauai*, No. 12-cv-00523-JMS, 2014 WL 771116, at *2 (D. Haw. Feb. 24, 2014) ("[S]uch negative publicity and the lack of a decision on the merits does not amount to *legal* prejudice, and dismissal will not injure any actual legal right." (citations omitted)).  Accordingly, the Court must grant the Motion.  *See, e.g.*, *Kamal*, 88 F.4th at 1273 ("[B]ecause Defendants did not show legal prejudice as our case law requires, the district court abused its discretion by denying Plaintiffs' motion for dismissal without prejudice.").  Moreover, even if denying the Motion were within this Court's discretion, such discretion counsels in favor of granting dismissal without prejudice, given the early stage of the case.

      Rule 41(a)(2) empowers district courts to dismiss without prejudice "on terms that the court considers proper."  "[T]he terms and conditions of dismissal under Rule 41(a)(2) are within the discretion of the district court."  *Self v. Equinox Holdings, Inc.*, No. 14-cv-04241-MMM, 2015 WL 13298571, at *6 (C.D. Cal. May 1, 2015) (citing *Hargis v. Foster*, 312 F.3d 404 (9th Cir. 2002)).  Zoox requests that each party bears its own costs and fees and that the Court retain jurisdiction of this action through the end of 2026 for the sole purpose of dismissing with prejudice upon enforcement of the parties' settlement agreement in state court.  Navarro, in turn, requests the imposition of various conditions on the dismissal, including Zoox's payment to her of $175,000 in attorneys' fees.  Navarro has not justified the propriety of her requested conditions.  Moreover, Navarro presents no evidence to justify her $175,000 attorney fee request, which seems excessive in light of the activity that has occurred in this case.  An attorney's fee award also does not seem appropriate in light of the circumstances under which the suit was

2

brought (*i.e.*, following Navarro's admitted download of Zoox's documents) and in light of the early stage of the case at which it has been dismissed.  Accordingly, each party shall bear its own costs and fees, and the Court will retain jurisdiction of this action for the sole purpose of dismissing with prejudice if the parties' settlement agreement is deemed enforceable in state court.

**IT IS SO ORDERED.**

Dated: November 8, 2025

RITA F. LIN
United States District Judge